**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEBRASKA**

| | | |
|---|---|---|
| **AMBER SIEKMAN,** | ) | |
| | ) | |
| **Plaintiff,** | ) | 4:12-cv-3222 |
| | ) | |
| **v.** | ) | |
| | ) | |
| **LIGHTHOUSE RECOVERY** | ) | **JURY TRIAL DEMANDED** |
| **ASSOCIATES, LLC.,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## COMPLAINT

NOW COMES the Plaintiff, AMBER SIEKMAN, by and through her attorneys, SMITHMARCO, P.C., and for her complaint against the Defendant, LIGHTHOUSE RECOVERY ASSOCIATES, LLC., Plaintiff states as follows:

### I.   PRELIMINARY STATEMENT

1.      This is an action for actual and statutory damages for violations of the Fair Debt Collection Practices Act (hereinafter "FDCPA"), 15 U.S.C. §1692, et seq.

### II.   JURISDICTION & VENUE

2.      Jurisdiction arises under the FDCPA, 15 U.S.C. §1692 et seq., and pursuant to 28 U.S.C. §1331 and 28 U.S.C. §1337.

3.      Venue is proper in this district pursuant to 28 U.S.C. §1391(b).

### III.   PARTIES

4.      AMBER SIEKMAN, (hereinafter, "Plaintiff") is an individual who was at all relevant times residing in the City of Bertrand, County of Phelps, State of Nebraska.

5.     The debt that Plaintiff was allegedly obligated to pay was for a credit card, on which charges were incurred primarily for the personal use of Plaintiff and/or for household expenditure (hereinafter, "the Debt").

6.     At all relevant times, Plaintiff was a "consumer" as that term is defined by 15 U.S.C. §1692a(3).

7.     LIGHTHOUSE RECOVERY ASSOCIATES, LLC., (hereinafter, "Defendant") is a business entity engaged in the collection of debt within the State of Nebraska.  Defendant is registered as a limited liability company in the State of Colorado.

8.     The principal purpose of Defendant's business is the collection of debts allegedly owed to third parties.

9.     Defendant regularly collects, or attempts to collect, debts allegedly owed to third parties.

10.     During the course of its efforts to collect debts allegedly owed to third parties, Defendant sends to alleged debtors bills, statements, and/or other correspondence via the mail and/or electronic mail and initiates contact with alleged debtors via various means of telecommunication, such as the telephone and facsimile.

11.     At all relevant times, Defendant acted as a debt collector as that term is defined by 15 U.S.C. §1692a(6).

12.     At all relevant times, Defendant acted through its duly authorized agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## IV.   <u>ALLEGATIONS</u>

13.     In or around June 2012, Defendant sent a letter to Plaintiff in an attempt to collect the Debt.

14.     In or around June 2012, Defendant initiated multiple telephone calls to Plaintiff in an attempt to collect the Debt.

15.     At the time Defendant initiated the aforesaid telephone calls to Plaintiff, Defendant left Plaintiff voicemail messages in a further attempt to collect the Debt.

16.     Defendant initiated the aforesaid telephone calls to Plaintiff at her cellular telephone number.

17.     During the course of the aforesaid time period, Defendant was cognizant of an address at which it could communicate with Plaintiff relative to the Debt.

18.     During the course of the aforesaid time period, Defendant was cognizant of a telephone number at which it could communicate with Plaintiff relative to the Debt.

19.     In or around June 2012, subsequent to Defendant having communicated with Plaintiff relative to the Debt, Defendant initiated a telephone call to Plaintiff at her place of employment in an attempt to collect the Debt.

20.     At the time Defendant initiated the aforesaid telephone call to Plaintiff at her place of employment, Plaintiff engaged in a telephone conversation with Defendant.

21.     Plaintiff informed Defendant that she could not speak to Defendant while at her place of employment.

22.     Plaintiff further specifically advised Defendant that she was not able her to accept calls of such nature while she is at work.

3

23.     From in or around June 2012 through in or around July 2012, subsequent to the aforesaid telephone conversation between the parties, Defendant had information in its possession relative to a telephone number, other than Plaintiff's telephone number at her place of employment, at which Defendant could communicate with Plaintiff relative to the Debt.

24.     From in or around June 2012 through in or around July 2012, subsequent to the aforesaid telephone conversation between the parties and despite Defendant having been advised that Plaintiff's employer prohibits her from receiving calls such as those from Defendant, Defendant proceeded to initiate multiple telephone calls to Plaintiff at her place of employment in a further attempt to collect the Debt.

25.     During the aforesaid time period, on multiple occasions, Plaintiff reiterated to Defendant that she could not speak to Defendant while she was at work.

26.     During the aforesaid time period, on multiple occasions, Plaintiff's colleagues at Plaintiff's place of employment answered the telephone calls by Defendant to Plaintiff at her place of employment in an attempt to collect the Debt.

27.      During the aforesaid time period, on multiple occasions, Defendant's duly authorized representative informed Plaintiff's colleagues at her place of employment that he was calling from Defendant in an attempt to contact Plaintiff.

28.     During the aforesaid time period, on multiple occasions, Plaintiff's colleagues also informed Defendant that Plaintiff could not speak to Defendant while she was at work.

29.     At the time Defendant initiated the aforesaid telephone calls to Plaintiff's place of employment, Plaintiff's daughter was working at Plaintiff's place of employment.

30.     At the time Defendant initiated the aforesaid telephone calls to Plaintiff's place of employment, one of the individuals with whom Defendant spoke was Plaintiff's daughter.

31.     Plaintiff was upset, embarrassed and humiliated that Defendant had informed her colleagues, one of which was her daughter, that it was attempting to contact her.

32.     During the aforesaid time period, on multiple occasions, Plaintiff reiterated to Defendant that she was not able to receive telephone calls while at her place of employment.

33.     During the aforesaid time period, despite Defendant having been advised on multiple occasions that Plaintiff did not want Defendant to contact her at her place of employment, Defendant continued to initiate multiple telephone calls to Plaintiff at her place of employment.

34.     During the aforesaid time period, despite Defendant having been advised, on multiple occasions, that Plaintiff was not able to accept telephone calls from Defendant while she was at her place of employment, Defendant continued to initiate multiple telephone calls to Plaintiff at her place of employment.

35.     Prior to July 26, 2012, Defendant had communicated with Plaintiff relative to the Debt.

36.     Prior to July 26, 2012, Defendant had information in its possession relative to contact information for Plaintiff.

37.     Prior to July 26, 2012, Defendant did not require location information for Plaintiff.

38.     On or about July 26, 2012, despite having multiple contacts with Plaintiff and despite being fully cognizant of Plaintiff's location, Defendant initiated multiple telephone calls to businesses located nearby the restaurant at which Plaintiff was employed in a putative attempt to contact Plaintiff.

5

39.     On or about July 26, 2012, Defendant initiated a telephone call to the office of the local newspaper in Plaintiff's town in an attempt to contact Plaintiff.

40.     At the time Defendant initiated the aforesaid telephone call to the office of the local newspaper in Plaintiff's town, Defendant knew Plaintiff was not employed there.

41.     On or about July 26, 2012, Defendant initiated a telephone call to the City Hall in Plaintiff's town in an attempt to contact Plaintiff.

42.     At the time Defendant initiated the aforesaid telephone call to the City Hall in Plaintiff's town, Defendant knew Plaintiff was not employed there.

43.     On or about July 26, 2012, Defendant initiated a telephone call to the grocery store in Plaintiff's town in an attempt to contact Plaintiff.

44.     At the time Defendant initiated the aforesaid telephone call to the grocery store in Plaintiff's town, Defendant knew Plaintiff was not employed there.

45.     On or about July 26, 2012, Defendant engaged in telephone conversations with multiple third-parties at the aforesaid businesses located nearby the restaurant at which Plaintiff was employed wherein Defendant informed said third-parties that it was attempting to locate Plaintiff.

46.     On or about July 26, 2012, Defendant engaged in telephone conversations with multiple third-parties at the aforesaid businesses located nearby the restaurant at which Plaintiff was employed wherein Defendant's duly authorized representative stated that he was calling from Lighthouse Recovery Associates.

47.     On or about July 26, 2012, at the time Defendant initiated the aforesaid telephone calls to the aforesaid businesses, one of the individuals with whom Defendant spoke was Plaintiff's friend.

6

48.     On or about July 26, 2012, at the time Defendant initiated the aforesaid telephone calls to the aforesaid businesses, one of the individuals with whom Defendant spoke was Plaintiff's aunt.

49.     On or about July 26, 2012, at the time Defendant engaged in the aforesaid telephone calls with multiple third-parties, Defendant did not state it was calling to confirm or correct location information for Plaintiff.

50.     On or about July 26, 2012, multiple third-parties informed Plaintiff that they had been contacted by Defendant and that Defendant was attempting to locate Plaintiff.

51.     Plaintiff was upset, embarrassed and humiliated that Defendant had informed multiple third-parties that it was attempting to contact her.

52.     Plaintiff did not provide Defendant with consent to communicate with third-parties.

53.     Defendant's conduct in initiating multiple telephone calls to third-parties in a putative attempt to contact Plaintiff when Defendant had contact information for Plaintiff and when Defendant had engaged in multiple communications with Plaintiff was unfair and/or unconscionable.

54.     In its attempts to collect the Debt allegedly owed by Plaintiff, Defendant violated the FDCPA, 15 U.S.C. §1692, in one or more of the following ways:

> a.  Communicated with any person other than the consumer for the purpose of acquiring location information about the consumer and failed to identify himself, failed to state that he is confirming or correcting location information concerning the consumer, and/or identified his employer without the express request of the consumer in violation of 15 U.S.C. §1692b(1);
>
> b.  Communicated with the consumer at an unusual time and place or at a time or place which should be known to be inconvenient to the consumer in violation of 15 U.S.C. § 1692c(a)(1);

7

    c.   Communicated with the consumer at the consumer's place of employment despite knowing or having reason to know that the consumer's employer prohibits the consumer from receiving such communication in violation of 15 U.S.C. §1692c(a)(3);

    d.   Communicated in connection with the collection of any debt with any person other than the consumer, his attorney, a consumer reporting agency if otherwise permitted by law, the creditor, the attorney of the creditor, or the attorney of the debt collector in violation of 15 U.S.C. §1692c(b);

    e.   Used unfair and/or unconscionable means to collect or attempt to collect a debt in violation of 15 U.S.C. §1692f; and,

    f.   Was otherwise deceptive and failed to comply with the provisions of the FDCPA.

55.    As a result of Defendant's violations as aforesaid, Plaintiff has suffered, and continues to suffer, personal humiliation, embarrassment, mental anguish and emotional distress.

## V.    JURY DEMAND

56.    Plaintiff hereby demands a trial by jury on all issues so triable.

57.    The Plaintiff, AMBER SIEKMAN, by and through her attorneys, SMITHMARCO, P.C., and pursuant to Nebraska Civil Rule 40.1(b), hereby respectfully requests that the trial of this matter proceed in either Omaha or Lincoln.

## VI.    PRAYER FOR RELIEF

WHEREFORE, Plaintiff, AMBER SIEKMAN, by and through her attorneys, respectfully prays for Judgment to be entered in favor of Plaintiff and against Defendant as follows:

    a.   All actual compensatory damages suffered;

    b.   Statutory damages of $1,000.00;

    c.   Plaintiff's attorneys' fees and costs;

    d.   Any other relief deemed appropriate by this Honorable Court.

Respectfully submitted,
**AMBER SIEKMAN**


By:   s/ David M. Marco
        Attorney for Plaintiff


Dated: October 31, 2012

David M. Marco (Atty. No.: 6273315)
SMITHMARCO, P.C.
205 North Michigan Avenue, Suite 2940
Chicago, IL 60601
Telephone:   (312) 546-6539
Facsimile:   (888) 418-1277
E-Mail:      dmarco@smithmarco.com